Opinion
 

 YEGAN, J.
 

 Thirteen-year-old David D. Bacon appeals from the summary judgment granted to defendant Southern California Edison Company. The
 
 *857
 
 trial court ruled that Edison was immune from liability pursuant to Civil Code section 846, and that Bacon failed to show an issue of fact as to whether Edison willfully or maliciously failed to maintain the electrical transmission tower or warn or guard against a dangerous condition of the tower where Bacon was injured.
 

 We affirm. Edison refuted Bacon’s allegation of willful or malicious conduct by presenting evidence that it placed barbed wire and a warning sign at the tower and that the warning sign and barriers were extant at the time Bacon climbed the tower. Although Bacon argued that the warning sign and barriers were in a state of disrepair, his evidence showed, at most, that Edison’s conduct was negligent.
 

 Facts
 

 At the age of 13, Bacon sustained permanent injuries when he climbed to the top of an electrical transmission tower, received a shock and was knocked to the ground. Edison owned the tower and the real property under it. The tower is located in a residential neighborhood, near a park and a paved pathway.
 

 Motion for Summary Judgment
 

 Edison argued in its motion for summary judgment that Civil Code section 846 relieved it of any duty toward Bacon because Bacon entered and used Edison’s property for a recreational purpose. Civil Code section 846 provides: “An owner of any estate or any other interest, in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section. [¶ ... [¶ This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity . . . .”
 

 Edison’s supporting evidence indicated that eight strands of barbed wire were strung around the base of the tower, and that a sign reading: “Danger High Voltage Wires Keep Off,” was attached to it. In addition, Edison asked the court to take judicial notice of the fact that electric shock is an inherent risk of climbing such a tower. Edison did not, however, expressly address the question of willful or malicious conduct.
 

 Bacon’s complaint alleged that Edison willfully or maliciously failed to install and maintain warning signs or barriers to prevent children from
 
 *858
 
 climbing the tower. His opposition papers argued that Civil Code section 846 denied immunity to property owners who engage in willful or malicious conduct in the maintenance of their property. Because Edison’s moving papers did not expressly address this issue, Bacon argued that the burden never shifted to him to show an issue of fact concerning it. Bacon also submitted evidence that he did not see the warning sign because it was obstructed by the branches of an adjacent juniper bush. He also stated that only four strands of barbed wire were strung around the tower. Two of these were cut or dangling, while the others were rusted and loose. He asserted that it was very easy to get around the wires and climb up the tower.
 

 Shifting Burdens on Summary Judgment
 

 Under the 1992 and 1993 amendments to Code of Civil Procedure section 437c (hereafter, section 437c), a defendant moving for summary judgment has the burden to show that the plaintiff cannot establish at least one element of his cause of action, “or that there is a complete defense to that cause of action.” (§ 437c, subd. (o)(2);
 
 Lopez
 
 v.
 
 Superior Court
 
 (1996) 45 Cal.App.4th 705, 713-714 [52 Cal.Rptr.2d 821].) Once the defendant meets this burden, the burden shifts to the plaintiff to show “that a triable issue of one or more material facts exists as to that cause of action or a defense thereto.” (§ 437c, subd. (o)(2).)
 

 To carry the latter burden, the plaintiff may not rely upon allegations in the pleadings, but must instead “set forth the specific facts showing that a triable issue of material fact exists . . . .” (§ 437c, subd. (o)(2).) The burden, however, does not shift to plaintiff until defendant carries its initial burden to show that an essential element of the cause of action “cannot be established . . . .”
 
 (Ibid.)
 

 If the moving defendant argues that it has a complete defense to the plaintiff’s cause of action, the defendant has the initial burden to show that undisputed facts support each element of the affirmative defense. Once it does so, the burden shifts to plaintiff to show an issue of fact concerning at least one element of the defense. (§ 437c, subd. (o)(2).) If, in anticipation of an affirmative defense, the complaint alleges facts to refute it, the pleadings themselves create “a material issue which defendant[] would have ... to refute in order to obtain summary [judgment].”
 
 (Westlye
 
 v.
 
 Look Sports, Inc.
 
 (1993) 17 Cal.App.4th 1715, 1739-1740 [22 Cal.Rptr.2d 781].) In the absence of such allegations, the plaintiff can avoid summary judgment only by presenting evidence sufficient to raise a triable issue concerning the affirmative defense.
 
 (Id.
 
 at pp. 1738-1739.)
 

 
 *859
 

 Civil Code Section 846 Immunity
 

 The California Supreme Court has recently summarized the effect of Civil Code section 846 on a landowner’s duty of care: “[A]n owner of . . . real property owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give recreational users warning of hazards on the property, unless: (1) the landowner willfully or maliciously fails to guard or warn against a dangerous condition, use, structure or activity . . .
 
 (Ornelas
 
 v.
 
 Randolph
 
 (1993) 4 Cal.4th 1095, 1099 [17 Cal.Rptr.2d 594, 847 P.2d 560].) The statute therefore creates “an exception to the general rule that a private landowner owes a duty of reasonable care to any person coming upon the land.”
 
 (Charpentier
 
 v.
 
 Von Geldern
 
 (1987) 191 Cal.App.3d 101, 107 [236 Cal.Rptr. 233].)
 

 Here the trial court correctly determined Edison had Civil Code section 846 immunity. A landowner’s conduct becomes willful or malicious only if three elements are present: “ ‘(1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril.’ ”
 
 (New
 
 v.
 
 Consolidated Rock Products Co.
 
 (1985) 171 Cal.App.3d 681, 689-690 [217 Cal.Rptr. 522], quoting
 
 Morgan
 
 v.
 
 Southern Pacific Trans. Co.
 
 (1974) 37 Cal.App.3d 1006, 1012 [112 Cal.Rptr. 695].)
 

 Bacon’s second amended complaint included each of these allegations. These allegations placed in issue the question whether Edison’s immunity under Civil Code section 846 was destroyed by willful or malicious conduct.
 
 (Westlye
 
 v.
 
 Look Sports, Inc., supra,
 
 17 Cal.App.4th at p. 1739-1740.) To obtain summary judgment, Edison had to refute those allegations.
 
 (Ibid.,
 
 see also
 
 Lopez
 
 v.
 
 Superior Court, supra,
 
 45 Cal.App.4th at pp. 713-714.)
 

 Edison carried its burden by submitting evidence that it had placed barbed wire and a warning sign at the tower and that both were extant when Bacon climbed the tower. This was sufficient to show the absence of willful or malicious conduct because Edison attempted to prevent the harm anticipated.
 

 Bacon then had the burden of showing a triable issue of fact on the question whether Edison failed so completely to maintain the sign and barbed wire that its conduct became willful or malicious. Bacon failed to do so. At most, his evidence showed negligence in the maintenance of the tower. Negligence is insufficient to overcome Civil Code section 846 immunity.
 
 (New
 
 v.
 
 Consolidated Rock Products Co., supra,
 
 171 Cal.App.3d at pp. 689-690.)
 

 
 *860
 

 Notice
 

 Bacon argues that the trial court was obligated to deny summary judgment because Edison did not expressly contend that its conduct was not willful or malicious. We disagree. The trial court may grant summary judgment on a ground not specifically tendered by the moving party, so long as the opposing party has notice of and an opportunity to respond to that ground.
 
 (Juge
 
 v.
 
 County of Sacramento
 
 (1993) 12 Cal.App.4th 59, 70 [15 Cal.Rptr.2d 598].) Here, Bacon had notice of the issue because he addressed it in his opposition. He also attempted to show a contested issue of fact by presenting evidence that the barbed wire and sign were in a state of disrepair. The trial court’s ruling that there was an absence of willful or malicious conduct does not violate Bacon’s due process rights.
 
 (Ibid.)
 
 Moreover, Bacon does not contend that his evidence of willful or malicious conduct would have been stronger had he received more explicit notice. Under these circumstances, we conclude that the trial court properly relied upon Civil Code section 846 in granting summary judgment.
 

 Conclusion
 

 The judgment is affirmed. Costs to respondent.
 

 Stone (S. J.), P. J., and Gilbert, J., concurred.