Filed 7/25/23  Tebbi v. Fitness International CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| VIDA TEBBI,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>FITNESS INTERNATIONAL, LLC,<br><br>     Defendant and Respondent. | B313092<br><br>(Los Angeles County Super. Ct. No. BC707114) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael E. Whitaker, Judge.  Affirmed.

Lioness Law Group and Farah Faramarzi for Plaintiff and Appellant.

Yoka│Smith, Alice Chen Smith and Christine C. De Metruis for Defendant and Respondent.

————————————

After she tripped and fell getting off a treadmill at a facility owned and operated by Fitness International, LLC (Fitness), Vida Tebbi brought an action for negligence against Fitness. The trial court granted summary judgment in favor of Fitness, based on a release signed by Tebbi as part of her membership agreement with Fitness. Tebbi appeals from the judgment, contending the trial court's tentative ruling, which was in her favor, was correct, and its subsequent final ruling in favor of Fitness was erroneous. She further contends that the trial court abused its discretion in granting summary judgment without allowing her to file an amended complaint adding additional facts about her fall, known to her since the time of that fall in 2016. Finally, she contends she did not receive notice of the assignment of a new judge to her case, and this voids the entire proceeding. We affirm the judgment.

## BACKGROUND

The relevant facts of this case are short, but the procedural history is long.

Fitness, doing business as L.A. Fitness, operates an L.A. Fitness gym in Chatsworth. In January 2012, Tebbi signed a membership agreement with L.A. Fitness with a release and waiver of liability and indemnity (release). The release provided that Tebbi understood and assumed the risk of using Fitness's facilities, services, equipment, and premises, including the risk of injuries arising from her use of exercise equipment and machines. She expressly released Fitness from claims for injury caused by Fitness's active or passive negligence while she was "in, upon, or about L.A. Fitness premises or using any L.A. Fitness facilities, services or equipment."

2

On May 23, 2016, Tebbi was injured when she fell as she was stepping off a treadmill at the L.A. Fitness gym in Chatsworth.  Tebbi claimed that as she was stepping off the back of a treadmill, her leg became stuck on a metal object, possibly the loosened back cover of the treadmill, causing her to trip and fall.  She broke her hip.

On May 22, 2018, Tebbi filed her complaint against Fitness.  She alleged three causes of action, entitled negligence-premises liability, unsafe conditions, and dangerous conditions on private property.  For all three causes of action, she alleged that she "turned off the treadmill and was stepping off, when suddenly and without warning she was stabbed by sharp metal dangerously protruding, which caused her to fall from the machine."  For her premises liability cause of action, she alleged defendants "were negligent in that, among other things, they failed to exercise due care in the ownership, inspection, and maintenance of the Premises."  For her unsafe conditions cause of action, she alleged defendants "knew or should have known through the exercise of reasonable care that the dangerously protruding metal was a condition on its property that created an unreasonable risk of harm" and defendants "failed to repair the condition" or "give adequate warnings of the condition."  For her dangerous condition cause of action, Tebbi alleged the "sharp metal dangerously protruding constituted a dangerous condition at the time of incident" and "created a reasonably foreseeable risk of the kind of injury that occurred."

Fitness filed an answer to the complaint in September 2018.  It asserted a number of affirmative defenses, including the release.

3

On March 29, 2019, Farah Faramarzi substituted in as counsel for Tebbi. Tebbi's prior counsel had been recused in January 2019.

During the ensuing discovery, Fitness was able to identify the treadmill from which Tebbi fell. Tebbi testified at her deposition it was the back cover of the treadmill upon which she tripped.

On March 6, 2020, Fitness filed its motion for summary judgment or, in the alternative, summary adjudication. The motion was set for hearing on May 21, 2020. The motion identified three issues for summary adjudication: Tebbi could not establish that Fitness had actual or constructive notice of the defect, and one or more of the causes of action were barred by the trivial defect and primary assumption of risk doctrines.

On April 21, 2020, Tebbi filed a motion for leave to file a first amended complaint, with no specified hearing date. Tebbi sought to add allegations to the three existing causes of action that the treadmills were placed very close to each other, forcing her to stop off the rear of the treadmill rather than the side, and that after she fell, a Fitness employee "negligently and carelessly" lifted and "dragged" her to the reception area without her consent, causing additional injury. Tebbi also sought to add a fourth cause of action entitled negligence, which was based on the same facts as the first three causes of action.

On April 23 and 28, 2020, due to the COVID pandemic, the trial court continued the hearing on the motion for summary judgment to August 7, 2020, and set the hearing for the motion to file an amended complaint for the same date.

On July 24, 2020, Tebbi filed her opposition to Fitness's summary judgment motion. In her memorandum of points and

4

authorities, Tebbi raised the allegations about the close treadmill placement and her movement by an employee.  She listed those facts as additional undisputed material facts but did not offer evidence showing additional details.

On July 27, 2020, Fitness filed its opposition to the motion to file an amended complaint.  Fitness pointed out that the facts in the amended complaint were not new facts.  Fitness claimed it would be prejudiced by the delay because it had already filed a motion for summary judgment.  The next day, Fitness filed a notice of withdrawal of its summary judgment motion.

On September 10, 2020, the trial court denied the motion to amend without prejudice on the ground that the declaration by Tebbi's attorney failed to state when the facts necessitating the amendments arose, as required by the California Rules of Court.

On September 15, 2020, Tebbi filed a new motion for leave to file a first amended complaint.  The proposed complaint was identical to the complaint attached to the April motion.  The motion was set for hearing on February 22, 2021.  Tebbi's primary explanation for the delay in requesting leave to amend was ongoing settlement talks.

On October 26, 2020, Fitness filed its motion for summary judgment or, in the alternative, summary adjudication, with a hearing date of January 15, 2021.  In this motion, which is the subject of this appeal, Fitness added the existence of the release as a basis for summary judgment, and also as an issue for summary adjudication.  Fitness repeated its three earlier grounds for summary adjudication.

On December 31, 2020, Tebbi filed her opposition to the summary judgment motion.  She also filed a separate statement in opposition.  She did not file any declarations or submit any

5

additional evidence. She did not dispute that she signed the membership agreement which included the release.[1] She also did not dispute Fitness's evidence about its inspection, maintenance, and repair protocols and performance, Fitness's statement that it had no notice of prior similar incidents or complaints about the metal protrusion at the end of its treadmills, or Fitness's statement that it had no notice that the treadmill used by Tebbi needed repair in the weeks preceding her fall.

Tebbi argued Fitness had notice that by placing its treadmills close together, "it created a dangerous condition and safety issue as it made it difficult for Tebbi to properly get off the treadmill from the side of the treadmill and therefore, she was forced to get off from the rear of the treadmill, which due to the protruding 'metal' object, caused her to fall and sustain injuries." She contended the placement of the treadmills constituted gross negligence and the waiver and release of liability did not release Fitness from liability for the treadmill placement.

Tebbi also contended that she did not consent to the employee moving her after the fall and that the employee's action caused "her injuries and pain to exacerbate." She claimed that moving her "[did] not fall within the purview of any defense theory Defendant [had] raised." In its reply brief, Fitness indicated that it understood the employee movement claim to be a claim of gross negligence.

On January 11, 2021, the court continued the hearing on the summary judgment motion to February 22, 2021, so that it

---

[1] She did argue that the membership agreement, including the release, was void for lack of consideration and was an incomplete document. The trial court rejected these contentions and Tebbi does not repeat them on appeal.

could be heard at the same time as Tebbi's motion to file an amended complaint.

On February 3, 2021, Tebbi filed an amended notice for leave to file a first amended complaint, with a hearing date of June 22, 2021. The new proposed amended complaint added a new cause of action for battery but was based on the same factual allegations as the previous proposed amended complaint.

Oral argument on the summary judgment motion proceeded as scheduled on February 22, 2021. Before argument, the trial court issued a tentative ruling in favor of Tebbi, finding there were triable issues of fact on the notice, assumption of risk, and trivial defect issues. The tentative did not address the release issue. At oral argument, counsel for Fitness brought the omission of the release issue to the court's attention. When the trial court asked appellant to comment on the release, she replied: "[W]e believe that the evidence demonstrates that the back cover of the treadmill and them not fixing it was a dangerous condition, your honor, that was grossly negligent. So they're not relieved of liability." The trial court took the matter under submission.

The trial court's final order granted summary judgment in favor of Fitness based on the release, which barred liability for ordinary negligence. The trial court found Tebbi had failed to offer any evidence showing gross negligence by Fitness, to which the release would have been inapplicable. The trial court did not continue the hearing on the summary judgment motion to consider Tebbi's amended motion for leave to file an amended complaint. This appeal followed.

7

**DISCUSSION**

We review an order granting summary judgment de novo. (*Parkview Villas Assn. Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208.)

Summary judgment is appropriate "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc.,[2] § 437c, subd. (c).) "The materiality of a disputed fact is measured by the pleadings." (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.)

"The defendant bears the initial burden of showing that the plaintiff cannot establish one or more elements of the cause of action, or that there is an affirmative defense to it. (§ 437c, subd. (o); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493] [(*Aguilar*)].) If the defendant makes one of the required showings, the burden shifts to the plaintiff to establish a triable issue of material fact." (*Jacobs v. Coldwell Banker Residential Brokerage Co.* (2017) 14 Cal.App.5th 438, 443 (*Jacobs*).)

"The pleadings play a key role in a summary judgment motion and ' " 'set the boundaries of the issues to be resolved at summary judgment.' " ' [Citation.] '[T]he scope of the issues to be properly addressed in [a] summary judgment motion' is generally 'limited to the claims framed by the pleadings.' " (*Jacobs, supra,* 14 Cal.App.5th at p. 444.)

---

[2]    Undesignated statutory references are to the Code of Civil Procedure.

Thus, there are only two issues before us on appeal: 1) whether the trial court properly granted summary judgment on the claims as framed by the pleadings before it, and 2) whether the trial court abused its discretion in failing to allow Tebbi to amend her complaint. We hold that summary judgment was proper and there was no abuse of discretion in denying leave to amend.

A.    *The Summary Judgment Motion*

Fitness moved for summary judgment on the ground that all the claims in Tebbi's complaint were based on ordinary negligence, and so were barred by the release. A contract releasing a party from liability for future ordinary negligence is valid unless barred by statute or against public policy. (*Tunkl v. Regents of University of California* (1963) 60 Cal.2d 92, 97–98; *Anderson v. Fitness Internat., LLC* (2016) 4 Cal.App.5th 867, 877 (*Anderson*).) Releases for recreational sports and exercise facilities are not against public policy (*Capri v. L.A. Fitness International, LLC* (2006) 136 Cal.App.4th 1078, 1084) and courts routinely enforce releases found in fitness club member agreements. (See, e.g. *Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 633, 637 (*Grebing*).)

Fitness also moved for summary adjudication on three issues related to elements of Tebbi's pleaded ordinary negligence causes of action: lack of notice, the trivial defect doctrine, and the primary assumption of risk doctrine.

1.    The Court's Tentative Ruling in Favor of Tebbi Was Incomplete and Non-Binding

In its tentative ruling, the trial court addressed only the three issues which formed the basis of Fitness's request for

9

summary adjudication. The ruling indicated that Fitness's own evidence was conflicting as to whether Fitness had notice of the protrusion, and thus there was a triable issue of material fact on that element. The court found the photographs proffered by Fitness were not enough to show that the protrusion was a trivial defect and thus Fitness had not met its initial burden of producing evidence. As to the assumption of risk doctrine, the court found there was a triable issue of material fact as to whether Fitness "increased the risks inherent in using a treadmill by failing to repair a broken treadmill," and this issue prevented application of the doctrine.[3] The tentative indicated the court was inclined to deny Fitness's motion.

Tebbi devotes much of her brief to arguing that the reasoning of the tentative was correct. This ruling was, of course, not binding. (Cal. Rules of Court, rule 3.1308(a).) The ruling did not mention the release or use the term "gross negligence" and thus it was not complete and correct, and in no way should have become the final ruling of the court. Further, given these omissions, the reasoning of the ruling can only be understood as addressing Fitness's requests for summary adjudication on three issues relating to Tebbi's causes of action, all of which assert

---

[3] The doctrine requires a defendant "to use due care not to increase the risks to a participant over and above those inherent in" the dangerous activity. (*Knight v. Jewett* (1992) 3 Cal.4th 296, 315–316.) In context, we understand the trial court's comments as focusing on whether Fitness failed to use due care, and not as a finding that there was a triable issue of fact whether Fitness "substantially or unreasonably increased the inherent risk" in an activity as can support gross negligence. (See *Anderson, supra*, 4 Cal.App.5th at p. 881.)

10

some form of ordinary negligence.[4]  A release is an affirmative defense to even meritorious causes of action for ordinary negligence.  Fitness could and did move for and obtain summary judgment on the basis of Tebbi's release.  (*Aguilar, supra*, 25 Cal.4th at p. 849; § 437c, subds. (o)(2) & (p)(2) [cause of action lacks merit if the "defendant establishes an affirmative defense to that cause of action."].)  Thus, the trial court's analysis of the summary adjudication issues related to Tebbi's causes of action for ordinary negligence became superfluous when the court found there were no triable issues of material fact as to the validity of the release.  To the extent that Tebbi's arguments about the tentative ruling have any applicability to the court's final order, we discuss them below.

2. The Final Order Granting Summary Judgment Is Correct.

In its order granting summary judgment based on the release, the trial court explained: "Having determined that the release operates as a complete defense to Plaintiff's negligence-based causes of action, the burden shifts to Plaintiff to

---

[4]  At the end of the tentative, the trial court stated, without elaboration, that "the [c]ourt finds that Plaintiff's 'Additional Material Facts' Nos. 23–25 raise triable issues of material fact." These three additional facts concern the close placement of the treadmills and Tebbi's movement by a Fitness employee after her injury.  The trial court did not explain its reasoning in reaching this conclusion or specify what the issues of fact were.  Given the court's failure to mention the release or the concept of gross negligence, we see no reason to believe that the court was referring to gross negligence.  Again, this statement was in no way binding on the trial court.

11

produce evidence demonstrating Defendant's alleged conduct constituted gross negligence.  The burden shifted to Plaintiff because the operative complaint does not allege facts demonstrating gross negligence.  [Citation.] [¶] Again, it must be noted, Plaintiff did not proffer any evidence in support of her opposition to the motion for summary judgment.  Plaintiff instead relies on the evidence produced by Defendant in her attempt to raise triable issues of material facts.  Notwithstanding this fatal flaw, the [c]ourt will analyze Plaintiff's contentions that triable issues of material fact exist regarding whether Defendant's actions or inaction constitute gross negligence." [5]

The court continued: "In Plaintiff's Additional Facts, Plaintiff claims that Defendant placed treadmills in close proximity forcing Plaintiff to exit the treadmill she was using from the rear as opposed to stepping off the side of the treadmill. Upon exiting the treadmill from the rear, Plaintiff tripped and fell over a protruding metal cap.  She also claims that after she fell, an employee of Defendant moved her causing injury and pain."

The court acknowledged that it was possible that a particular improper placement of a treadmill could greatly increase the risk of injury and could constitute such an extreme departure from the ordinary standard of care that it was gross negligence.  The court found, however, that Tebbi "did not produce any evidence that the placement of the treadmills in close proximity increased the risk of injury.  Plaintiff does not proffer evidence as to what are the industry or manufacturer

---

[5] The placement of the treadmills was shown in two photographs which were part of Fitness's evidence in support of summary judgment.

12

safety standards regarding the placement of treadmills, and she does not produce evidence that the placement of the treadmills in close proximity to each other violated industry or manufacturer safety standards thereby increasing the risk of injury. In addition, Plaintiff has failed to demonstrate that Defendant's employee's actions in moving her after the fall equates to gross negligence. Such actions on an employee's part may amount to ordinary negligence, but without more, such actions do not constitute gross negligence."

Tebbi contends that the trial court erred in requiring her to produce evidence, such as industry or manufacturer safety standards, showing the treadmills were unsafely placed, and should instead have required Fitness to produce evidence showing the placement was safe.

The law is clear on this issue, and it was correctly cited by the trial court. A release does not bar claims based on gross negligence. When a plaintiff has signed a release, the plaintiff may, but is not required to, anticipatorily plead facts showing gross negligence. (*Hass v. RhodyCo Productions* (2018) 26 Cal.App.5th 11, 32 (*Hass*).) The plaintiff's pleading decision has consequences on summary judgment. (*Ibid*.) When a complaint does not mention a release or plead facts sufficient to raise gross negligence as a material issue, the defendant is not required to refute gross negligence. "Instead, [defendant meets] its initial burden by producing evidence of the existence of the Release and its execution by [the plaintiff]. The burden then shift[s] to the [plaintiffs] to raise a triable issue of material fact as to gross negligence." (*Id*. at p. 33.)[6]

---

[6] This is a specific application of a general rule: "If the moving defendant argues that it has a complete defense to the

13

In the Argument section of her brief, Tebbi does not address this law at all. She apparently bases her claim of error on a claim in her statement of facts section that the court "erroneously found that the operative complaint did not allege facts demonstrating gross negligence. The [c]ourt thereby disregarded the operative complaint's allegation which alleged 'Plaintiff was on a treadmill at the Premises' . . . Plaintiff turned off the treadmill and was stepping off, when suddenly and without warning she was stabbed by sharp metal dangerously protruding, which caused her to fall from the machine."[7] The Statement of Facts section is not the correct place to make arguments of legal error and is grounds for forfeiture. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United Grand*).)

---

plaintiff's cause of action, the defendant has the initial burden to show that undisputed facts support each element of the affirmative defense. Once it does so, the burden shifts to plaintiff to show an issue of fact concerning at least one element of the defense. (§ 437c, subd. (o)(2).) If, in anticipation of an affirmative defense, the complaint alleges facts to refute it, the pleadings themselves create 'a material issue which defendant[] would have . . . to refute in order to obtain summary [judgment].' [Citation.] In the absence of such allegations, the plaintiff can avoid summary judgment only by presenting evidence sufficient to raise a triable issue concerning the affirmative defense." (*Bacon v. Southern Cal. Edison Co.* (1997) 53 Cal.App.4th 854, 858.)

[7] The trial court did not "disregard" the operative complaint. The trial court expressly rejected Tebbi's claim that the one-inch protrusion of the metal cap could establish the " 'want of even scant care' " or the " 'extreme departure from the ordinary standard of care' " required for gross negligence.

14

Even assuming the argument were not forfeited, it has no merit.  The short factual allegation cited by Tebbi shows at most a failure on Fitness's part to discover a dangerous condition or to perform a duty, such as inspecting or maintaining the equipment and such "nonfeasance" amounts only to ordinary negligence.  (*Anderson, supra*, 4 Cal.App.5th at p. 881.)  We note that in her written opposition she described the gross negligence as "plac[ing] all the treadmills in close proximity to one another rendering it difficult for Plaintiff to be able to step off the treadmill from the sides of the treadmill machine, as [is] routinely done."  To the extent that Tebbi contends her use of the word "recklessly" in her complaint was sufficient to allege gross negligence, she is mistaken.  "Gross negligence is pleaded by alleging the traditional elements of negligence: duty, breach, causation, and damages.  [Citation.]  However, to set forth a claim for 'gross negligence' the plaintiff must allege extreme *conduct* on the part of the defendant."  (*Rosencrans v. Dover Images, Ltd.* (2011) 192 Cal.App.4th 1072, 1082, italics added; see *Joshi v. Fitness Internat., LLC* (2022) 80 Cal.App.5th 814, 828 [plaintiff must allege facts sufficient to support a theory of gross negligence].)[8]

---

[8]  Further, even assuming for the sake of argument that the allegation of a metal protrusion was enough to allege gross negligence, Fitness offered undisputed evidence that it conducted regular inspections, maintenance, and repairs.  When a defendant undertakes such measures its "conduct cannot reasonably be regarded as demonstrating a want of even scant care or an extreme departure from the ordinary standard of conduct."  (*Grebing, supra,* 234 Cal.App.4th at p. 639.)

15

The trial court was also correct that merely showing that the treadmills were placed close together did not create a triable issue of material fact concerning gross negligence. Tebbi offered no evidence that it was unsafe or unusual to place treadmills close together, or unsafe or unusual to dismount from a treadmill at the rear rather than the sides. There was no evidence from Fitness on this topic on which she could rely.

Tebbi further contends that the trial court erred in finding that she had "failed to demonstrate that Defendant's employee's actions in moving her after the fall equates to gross negligence." She maintains that there is a triable issue of fact concerning whether the Fitness employee's actions constituted gross negligence or a battery.

The only evidence of the employee's action is found in Tebbi's response to Special Interrogatory No. 2, in which she states: "[Fitness's] employee, 'Mario', moved Plaintiff after she flew off the treadmill, without her consent, from the treadmill area of the gym to the reception area, causing her injuries and pain to exacerbate." We would assess these facts even more critically than the trial court, which found that the employee action might amount to ordinary negligence. We find these facts do not permit *any* assessment of the level of care exercised by the employee, even when considered with the fact that Tebbi's hip was subsequently discovered to have been broken in her fall.[9] Moving an injured person need not involve negligence.[10]

---

[9]    We disregard Tebbi's statement that the movement exacerbated her injuries. As phrased, this is simply an unsupported conclusion.

[10]    Although not discussed by the trial court, battery requires an intent to harm or offend the victim (*So v. Shin* (2013)

Seizing on the trial court's comment that "without more, [the employee's] actions do not constitute gross negligence," Tebbi contends that the trial court should, at a minimum, "have granted Plaintiff an opportunity to present more by amending her complaint rather than to grant summary judgment."

The trial court is referring to more evidence, not more allegations. As discussed above, because Tebbi did not allege facts showing gross negligence in her complaint, she was required to offer evidence of gross negligence to avoid summary judgment. (*Hass, supra*, 26 Cal.App.5th at pp. 32–33.) Tebbi was able to offer some evidence about her movement by the employee, and we see nothing that would have prevented her from offering more evidence about the circumstances of her movement to show gross negligence. She chose not to do so. We discuss her claim that she should have been permitted to amend her complaint to add a battery cause of action in the next section.

B.    *Motion for Leave to Amend*

Tebbi's third motion for leave to file a first amended complaint was pending when the trial court granted Fitness's motion for summary judgment. She contends it was error to grant the summary judgment motion without giving her the opportunity to amend her complaint. We review a trial court's decision to deny a motion for leave to amend for abuse of discretion. (*Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 175 (*Melican*).) We see none.

---

212 Cal.App.4th 652, 669), and there are no facts from which a trier of fact could infer such an intent on the part of an employee who has no apparent connection to Tebbi.

17

"[C]ourts generally should permit amendment to the complaint at any stage of the proceedings, up to and including trial. [Citations.] . . . Moreover, ' " 'even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial.' " ' [Citations.] Thus, appellate courts are less likely to find an abuse of discretion where, for example, the proposed amendment is ' "offered after long unexplained delay . . . or where there is a lack of diligence . . . ." ' " (*Melican, supra,* 151 Cal.App.4th at p. 175.)

Here, there was a long delay with no satisfactory explanation. Tebbi's first motion for leave to amend was filed on April 21, 2020, about two years after the case was filed, one year after Tebbi's current attorney substituted into the case and one month after Fitness filed a motion for summary judgment. Tebbi's motion was denied on September 10, 2020, because it contained no attorney explanation for the two-year delay in seeking to amend the 2018 complaint to add facts known to Tebbi since the incident in 2016. The timing of the motion could be understood to be tactical, to delay or to derail the summary judgment motion.

Tebbi promptly filed a new motion to amend on September 15, 2020, but the only explanation for the previous delay offered by her attorney was that the parties were engaged in settlement negotiations. Tebbi's discovery responses, referenced in the attorney declaration, confirmed her attorney had been aware of these facts since at least May 2019.

Tebbi's subsequent conduct suggests she was attempting to use the motion to amend to delay or avoid summary judgment proceedings. She scheduled the hearing for her new motion on February 22, 2021. Fitness subsequently filed its motion for

18

summary judgment, with a hearing date of January 15, 2021.  On January 11, 2021, the trial court on its own motion continued the hearing to February 22, 2021, to be heard at the same time as Tebbi's motion to amend.  Then on February 3, 2021, Tebbi filed an amended motion to amend based on the same facts as her previously proposed amended complaints; the new complaint added a cause of battery based on Fitness's employee's movement of Tebbi.  The hearing date was ultimately set for June 2021.

The failure to offer a satisfactory explanation for the long initial delay in filing a motion to amend, together with the strategic timing of the filing of the first and third motions, suggests Tebbi was trying to defeat summary judgment by "present[ing] a 'moving target' unbounded by the pleadings." (See *Melican, supra*, 151 Cal.App.4th at p. 176.)  Thus, the trial court did not abuse its discretion in denying Tebbi the opportunity to file a first amended complaint.  (See *id*. at pp. 176-177.)

We also agree with Fitness that even if the trial court had abused its discretion, the denial of leave to amend did not result in the miscarriage of justice required to warrant reversal.  (Cal. Const., art. VI, § 13.)  As we have discussed above, the mere fact that the treadmills were placed close together and an employee moved Tebbi after she fell are not sufficient to show gross negligence.  Thus, even if Tebbi had alleged those facts in an amended complaint, they would not have been sufficient to shift the burden on summary judgment to Fitness to negate gross negligence.  Further, Tebbi had ample opportunity to present both these and additional unpleaded facts in opposition to summary judgment but did not present any additional facts.  "If facts supporting a theory of gross negligence exist, [plaintiff] had

19

ample opportunity to present such facts; [her] failure to do so before the trial court does not warrant granting leave to amend on appeal." (*Anderson, supra*, 4 Cal.App.5th at pp. 884–885.)

C.  *Lack of Notice of New Judge*

Tebbi contends she received no notice that a new judge had been assigned to her case, which occurred at some unknown time before the hearing on the summary judgment motion on February 22, 2021.  She contends this lack of notice prevented her from filing a peremptory challenge pursuant to section 170.6, and the court therefore lacked jurisdiction over her case.  She also contends the lack of notice violated her right to due process and the judge's failure to allow her to amend her complaint resulted in prejudice to her.

Tebbi has not cited any legal authority to support her argument, except section 170.6, which details the procedures for challenges.  She does not cite any authority to support her claim that the lack of notice resulted in a lack of jurisdiction.  She does not cite any cases discussing the requirements for a due process violation in this or any context.  This deficient argument alone is sufficient to forfeit this claim.  (*United Grand, supra*, 36 Cal.App.5th at p. 153 [We may and do " 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' "].)

In addition, Tebbi made no attempt to bring this issue to the attention of the trial court at any time before, during, or after the hearing at which she presumably learned of the assignment. This failure also results in a forfeiture of her claim on appeal. (See *Andrisani v. Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 526.)

20

## DISPOSITION

The judgment is affirmed.  Appellant to pay costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.