[No. A082253. First Dist., Div. One. May 19, 1999.]

WARREN L. ANDERSON, JR., Plaintiff and Appellant, v.
METALCLAD INSULATION CORPORATION, Defendant and
Respondent.

286

**COUNSEL**

Brayton Harley Curtis, Philip A. Harley and James L. Oberman for Plaintiff and Appellant.

Misciagna & Colombatto, P. Richard Colombatto and Michael K. Tcheng for Defendant and Respondent.

**OPINION**

**STEIN, J.**—Warren L. Anderson, Jr., appeals from a judgment entered in favor of Metalclad Insulation Corporation (Metalclad) after the court granted Metalclad's motion for summary judgment on the ground that Anderson's complaint seeking recovery for asbestos-related injury was filed after the limitations period specified in Code of Civil Procedure section 340.2.[1]

Anderson contends that the court erred in shifting the burden to Anderson to submit evidence that he was not disabled, because the evidence Metalclad

---

[1] All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

submitted was insufficient to support the inference that Anderson was disabled, as that term is defined in section 340.2, more than one year before the complaint was filed. We agree, and shall reverse the judgment.

## FACTS

Anderson filed his complaint against Metalclad and numerous other defendants on June 14, 1996. The complaint alleged that Anderson's exposure to asbestos and asbestos-containing products caused severe and permanent injury, including breathing difficulties, asbestosis, and other lung damage, and increased risk and fear of developing mesotheliaoma, lung cancer and other cancers. Anderson was diagnosed with asbestos-related pleural disease in September of 1995. The complaint further alleged that his injuries occurred at various locations and times, including service in the Army from 1963-1966, and during his employment as an insulator and welder at Southern California Edison Company which continued from 1966 through the date of filing of the complaint.

Metalclad answered the complaint, and raised as one of its affirmative defenses that the complaint was "barred by the applicable statutes of limitation."

On November 6, 1997, Metalclad filed its motion for summary judgment. Metalclad argued, in reliance upon *Darden* v. *General Motors Corp.* (1995) 40 Cal.App.4th 349, 356 [47 Cal.Rptr.2d 580], and *Barr* v. *ACandS, Inc.* (1997) 57 Cal.App.4th 1038, 1049-1053 [67 Cal.Rptr.2d 494], that the filing of a claim for workers' compensation benefits in February 1995 was analogous to filing a personal injury lawsuit based upon an injury caused by asbestos. It asserted that Anderson, by filing the claim for workers' compensation, had waived the statutory option of waiting to file suit until he was disabled as defined in section 340.2, and triggered the one-year limitations period.

The motion was based upon evidence that Anderson, in February 1995, filed a claim for workers' compensation benefits against his employer, Southern California Edison Company, describing his injury as "asbestosis." Metalclad also submitted Anderson's application to the Workers' Compensation Appeals Board (WCAB) for adjudication of claim, dated April 17, 1995. The application was filed because of a disagreement regarding liability for "Temporary" or "Permanent disability," reimbursement for medical expenses and treatment, compensation, and rehabilitation. In response to a question asking the applicant to describe the disability caused by the injury, including specifying the last day off work, and beginning and ending dates

of all periods off due to this injury, Anderson stated "unknown." The application also stated that he had not received any employment insurance or disability benefits, and no medical treatment for the injury. Finally, Metalclad submitted Anderson's answer to interrogatory No. 44, stating that Anderson had filed a claim for workers' compensation benefits in 1995. Although Metalclad did not include the interrogatory, it also submitted his answer to interrogatory No. 39, in which Anderson stated: "Plaintiff does not at this time believe he has lost any wages or earnings as a result of exposure to asbestos. Plaintiff's investigation and discovery are continuing."

Anderson did not dispute any of Metalclad's asserted undisputed facts. Instead, Anderson asserted that, as a matter of law, these facts did not establish that the statute of limitations had been triggered in either February or April 1995. Anderson contended that filing a workers' compensation claim does not constitute a first lawsuit waiving the benefit of the longer limitations period, and that section 340.2 subdivision (a) permitted him to wait until he was disabled before filing a personal injury lawsuit. He also submitted his own separate statement of undisputed facts, citing his own response to an interrogatory, apparently asserting that he was still employed full time at the time of filing the complaint.

At the hearing on the motion, the court *rejected* Metalclad's contention, based upon *Darden* and *Barr*, that filing a workers' compensation claim constituted a "first lawsuit" triggering the one-year limitations period. Although Metalclad had never advanced the argument in its moving papers, the court suggested that the undisputed fact that Anderson had filed a workers' compensation claim for temporary and permanent disability benefits was sufficient evidence that he was disabled within the meaning of section 340.2 subdivision (b) to shift the burden to Anderson to come forward with some evidence that he was *not* disabled. The court rejected Anderson's counsel's argument that filing a claim for workers' compensation disability benefits could not by itself support the inference that the employee was disabled within the meaning of section 340.2 subdivision (b), because an employee can be eligible for workers' compensation benefits without being permanently precluded from performing his or her regular occupation. The court did note that Anderson's interrogatory answer stated he was not disabled and continued to work until he filed the complaint. The court made no formal ruling on the admissibility of the interrogatory answer, but adopted its tentative ruling granting Metalclad's motion for summary judgment.

Anderson moved for a new trial and to vacate the prior order. The motion to vacate the order granting summary judgment was based upon his assertion that the failure to submit Anderson's declaration that he had not lost any

work time for the injury described in his workers' compensation claim, instead of the interrogatory response, was due to his counsel's mistake, inadvertence, and excusable neglect. Anderson submitted, among other things, his declaration that he was employed by Southern California Edison Company from 1966 until his retirement on July 1, 1996, that his retirement was not a disability retirement, and that when he filed his workers' compensation claim in 1995, he was working full time as a welding instructor. The court observed that had the declaration been submitted in Anderson's opposition, the court might have denied the motion for summary judgment, but Anderson's counsel failed to explain why he could not have submitted it at that time. The court denied these motions on February 25, 1998.[2]

The court entered judgment in favor of Metalclad on January 21, 1998, and notice of entry was served on March 3, 1998. Anderson filed a timely notice of appeal on March 11, 1998.

### ANALYSIS

Metalclad's motion for summary judgment was based upon the contention that the undisputed fact that Anderson had filed a workers' compensation claim describing his injury as "asbestosis" in February 1995, and an application for adjudication of that claim in April 1995, established its affirmative defense that his complaint was filed after the limitations period set forth in section 340.2 expired.

A defendant moving for summary judgment must show either (1) that one or more elements of the plaintiff's cause of action cannot be established, or (2) "that there is a *complete* defense to that cause of action." (§ 437c, subd. (o)(2), italics added.) The burden on a defendant moving for summary judgment based upon the assertion of an affirmative defense is heavier than the burden to show one or more elements of the plaintiff's cause of action cannot be established. Instead of merely submitting evidence to negate a single element of the plaintiff's cause of action, or offering evidence such as vague or insufficient discovery responses that the plaintiff does not have evidence to create an issue of fact as to one or more elements of his or her case (see *Certain Underwriter at Lloyd's of London* v. *Superior Court* (1997) 56 Cal.App.4th 952, 958-959 [65 Cal.Rptr.2d 821]), "the defendant has the initial burden to show that undisputed facts support *each element* of the affirmative defense" (*Bacon* v. *Southern Cal. Edison Co.* (1997) 53 Cal.App.4th 854, 858 [62 Cal.Rptr.2d 16], italics added; accord, *Huynh* v. *Ingersoll-Rand* (1993) 16 Cal.App.4th 825, 830-831 [20 Cal.Rptr.2d 296]). The defendant must demonstrate that under no hypothesis

---

[2]Anderson does not challenge the court's denial of these motions, and only seeks review of the order granting Metalclad's motion for summary judgment.

is there a material factual issue requiring trial. (*Shapiro* v. *Sutherland* (1998) 64 Cal.App.4th 1534, 1543 [76 Cal.Rptr.2d 101].) If the defendant does not meet this burden, the motion must be denied. Only if the defendant meets this burden does "the burden shift[] to plaintiff to show an issue of fact concerning at least one element of the defense." (*Bacon* v. *Southern Cal. Edison Co., supra,* at p. 858.).

Section 340.2 provides, in part:

"(a) In any civil action for injury or illness based upon exposure to asbestos, the time for the commencement of the action shall be the later of the following:

"(1) Within one year after the date the plaintiff first suffered disability.

"(2) Within one year after the date the plaintiff either knew, or through the exercise of reasonable diligence should have known, that such disability was caused or contributed to by such exposure.

"(b) 'Disability' as used in subdivision (a) means the loss of time from work as a result of such exposure which precludes the performance of the employee's regular occupation."

■ This special statute was enacted in recognition of the long period of time which may elapse before serious asbestos-related disease develops, and allows a plaintiff who knows of his or her asbestos-related illness to nevertheless delay bringing an action until disability from work occurs. (*Darden* v. *General Motors Corp., supra,* 40 Cal.App.4th at p. 354.)

■ Some courts have held, however, that if a plaintiff knows he or she has an asbestos-related injury, and elects to file a personal injury lawsuit, the one-year period is triggered, even if plaintiff is not yet disabled. (*Darden* v. *General Motors Corp., supra,* 40 Cal.App.4th at p. 356; *Barr* v. *ACandS, Inc., supra,* 57 Cal.App.4th at pp. 1049-1053.)[3]

Anderson does not dispute that he did not submit any evidence that he was not disabled more than one year before the complaint was filed.[4] Although Anderson and the court refer to Anderson's interrogatory answer cited in plaintiff's separate statement, suggesting it was submitted to the court, it is

---

[3]The Supreme Court has granted review of another case applying the analysis of *Darden* and *Barr* to an asbestos-related personal injury lawsuit. (*Mitchell* v. *Asbestos Corp.* (1998) 62 Cal.App.4th 200 [73 Cal.Rptr.2d 11], review granted June 17, 1998 (S069596).)

[4]Nor does Anderson challenge the trial court's ruling denying the motion for a new trial and to vacate the order granting summary judgment on the ground that Anderson's evidence

not attached to his separate statement in the record on appeal. In any event, the court apparently concluded that the interrogatory answer was not admissible evidence when offered by the responding party in his favor. (§ 2030, subd. (n).)

Prior to the hearing upon the motion, it was, however, unnecessary for Anderson to present any evidence to create a triable issue of fact on the question whether, and when, he was disabled, because the legal theory of Metalclad's motion was that, *irrespective of "disability"* (italics added), by filing the workers' compensation claim, Anderson had triggered the statute of limitations and waived his right to rely on the longer limitations period allowing him to wait until he was disabled. (See *Darden* v. *General Motors Corp., supra*, 40 Cal.App.4th at p. 356; *Barr* v. *ACandS, Inc., supra,* 57 Cal.App.4th at pp. 1049-1053.) The issue presented by Metalclad's motion was purely one of law: Did the filing of a workers' compensation claim trigger the one-year statute, and waive the benefit of section 340.2 subdivision (b) permitting Anderson to wait until he was disabled?

The court *rejected* Metalclad's argument,[5] but sua sponte, for the first time at the hearing on the motion, suggested a new theory, i.e., that the workers' compensation claim established that Anderson was *disabled* as of the date the claim was filed, and because the claim described the injury as asbestosis, Anderson also knew his disability was caused by asbestos exposure. The court's new theory changed the focus of the motion from the narrow question whether filing a workers' compensation claim constitutes a first lawsuit and waives the plaintiff's right to wait until he is disabled, to the broader assertion that filing the workers' compensation claim supports the inference that the plaintiff is disabled, triggering the one-year limitations period. Despite not having had an opportunity to respond to this new theory in writing or with appropriate evidence, Anderson's counsel did not object that Anderson did not have adequate notice of this new argument advanced by the trial court. ■ The failure to object to lack of notice waives the issue on appeal. (*People* v. *Mayfield* (1997) 14 Cal.4th 668, 798 [60 Cal.Rptr.2d 1, 928 P.2d 485]; *Pichon* v. *Pacific Gas & Electric Co.* (1989) 212 Cal.App.3d 488, 499 [260 Cal.Rptr. 677].)

■ Therefore, for purposes of our review, despite the fact that Metalclad did not argue it below, we shall accept the trial court's construction of

that he was not disabled was available to him at the time he opposed the motion and could have been presented at that time.

[5]Metalclad apparently concedes that this aspect of the court's ruling was correct, because it does not reassert its legal argument based upon *Barr* and *Darden* as an alternative ground for affirmance.

the issue, as framed by the pleadings, to be whether the undisputed fact that Anderson filed a workers' compensation claim with his employer in February 1995, alleging asbestosis, and an application for adjudication of claim with the WCAB in April 1995 seeking temporary or permanent disability benefits and other relief establish that he knew he had an asbestos-related injury, *and* was disabled as of that date, triggering the one-year period.

■ To prevail on its motion for summary judgment based on the affirmative defense that the action is barred by section 340.2, Metalclad bore the burden of submitting uncontradicted evidence of three elements triggering the statutory period: (1) the plaintiff was disabled within the meaning of the statute, (2) the disability was caused or contributed to by his exposure to asbestos, and (3) the plaintiff knew, or in the exercise of reasonable diligence should have known, the causes or contributing factors of his disability. (*Uram* v. *Abex Corp.* (1990) 217 Cal.App.3d 1425, 1431 [266 Cal.Rptr. 695].)

■ We have no difficulty concluding that the only logical inference from the evidence that Anderson filed a workers' compensation claim based upon an injury described as asbestosis is that, as of the date of filing, he "knew, or through the exercise of reasonable diligence should have known" (§ 340.2, subd. (a)(2)), that he had an *injury* and that the injury was *caused, or contributed to, by exposure to asbestos.* (*Uram* v. *Abex Corp., supra,* 217 Cal.App.3d at pp. 1432-1435 [evidence that plaintiff received advice in 1976 that cause of medical problems was asbestos exposure and assertion in workers' compensation claim filed same year that injury was caused by asbestos exposure sufficient to support inference that plaintiff knew *cause* of injury in 1976].)

Knowledge that exposure to asbestos is a cause or contributing cause of the plaintiff's condition is, however, only one element of the defense. Metalclad also had the burden of presenting evidence which, if uncontradicted, would establish that Anderson's injury rendered him disabled as defined in section 340.2 subdivision (b). If Metalclad's evidence did not meet that burden, then the court should have denied the motion, and the burden should not have been shifted to Anderson to present evidence that he was *not* disabled. (*Bacon* v. *Southern Cal. Edison Co., supra,* 53 Cal.App.4th at p. 858.)

Section 340.2 subdivision (b) defines disability very narrowly: " 'Disability,' as used in subdivision (a) means the loss of time from work as a result of such exposure which precludes the performance of the employee's regular occupation." In *Puckett* v. *Johns-Manville Corp.* (1985) 169 Cal.App.3d

1010, 1017 [215 Cal.Rptr. 726], the court rejected the contention that a temporary interruption of the plaintiff's regular employment constitutes the onset of "disability." Instead, the court held that disability, as used in section 340.2, refers "to a permanent termination of an individual's capacity to perform the tasks involved in his or her regular occupation . . . ." (*Puckett* v. *Johns-Manville Corp., supra*, at p. 1017.) The First District Court of Appeal, Division One, in *Uram* v. *Abex Corp., supra*, 217 Cal.App.3d at page 1431, cited *Puckett* with approval of its interpretation of the definition of disability in section 340.2.

The primary evidence Metalclad submitted to support the inference that Anderson was disabled was the claim he filed with his employer for workers' compensation benefits and the application to the WCAB for adjudication of the claim.[6] Neither of these documents contains any evidence that Anderson, even temporarily, lost time from work or was precluded from performing his regular occupation. The trial court apparently was persuaded by the fact that Anderson, in his application to the WCAB for adjudication sought, inter alia, temporary or permanent disability benefits. A claim for temporary or permanent disability benefits, by itself, raises no inference that the claimant lost any time from work or was precluded from performing his regular occupation, because eligibility for disability benefits does not require that the claimant have lost work time. In *Uram* v. *Abex Corp., supra,* 217 Cal.App.3d at page 1433, this court observed that "disability," as used in the context of section 340.2, " 'was not intended by the Legislature to be construed in exactly the same way, for example, as it might be in workers' compensation law.' " In the context of workers' compensation, "[a]n employee may receive permanent disability benefits even if he or she is not off work, and may even receive the benefits while working at the identical job held prior to the injury." (*Scalice* v. *Performance Cleaning Systems* (1996) 50 Cal.App.4th 221, 230 [57 Cal.Rptr.2d 711], citing *Truck Ins. Exch.* v. *Industrial Acc. Com.* (1965) 235 Cal.App.2d 207, 212 [45 Cal.Rptr. 178].) An employee may receive a permanent disability rating of 100 percent and be entitled to disability payments even though able to return to work at the wages he received before the injury. (*Universal City Studios Inc.* v. *Worker's Comp. Appeals Bd.* (1979) 99 Cal.App.3d 647, 663 [160 Cal.Rptr. 597].) Therefore, the mere fact that an employee has filed a claim for temporary or

---

[6]Metalclad also cited Anderson's interrogatory response acknowledging that he filed a workers' compensation claim in 1995. In its reply, Metalclad also submitted evidence that Anderson had received a lump sum settlement of his claim for benefits. This evidence does not provide any additional support for the inference that Anderson was disabled within the meaning of section 340.2, because there is no evidence that the amount of the settlement was based upon any evidence or finding that Anderson was permanently precluded from performing his regular occupation.

permanent disability benefits cannot, by itself, support the inference that the employee has lost time from work and is permanently precluded from the performance of the employee's regular occupation. (§ 340.2, subd. (b).) If, in the workers' compensation benefits claim or application for adjudication, the employee specifies that the injury has resulted in lost work time, then the inference that the employee was disabled within the meaning of section 340.2 could be drawn, and the burden might then shift to the employee to present evidence that the interruption was only temporary. Where, as here, the claim for temporary or permanent disability benefits does not identify *any* time lost from work, it is not reasonable to infer from the fact of filing the claim alone that the employee is disabled within the meaning of section 340.2.

The insufficiency of this evidence to support the inference that Anderson was disabled is underscored by the fact that the very same documents Metalclad submitted to support its contention contain evidence supporting the *contrary* inference: When asked to list the dates of time off from work due to the injury, Anderson's response, on the claim form was "unknown." Therefore, as of the date of filing the claim, he specifically *did not* claim any lost time for work due to the injury. It is reasonable to infer that he responded "unknown," instead of a definitive "none," in order to preserve his rights if, in the future, he did lose work time.[7] At most, the court could have inferred from the response "unknown," that Anderson had not yet ascertained whether he had any periods of lost work time. The further leap to the inference that he *had* lost time from work due to the described injury is not justified by the evidence. In addition, in one of Anderson's interrogatory responses that Metalclad submitted, but did not specifically rely upon, Anderson stated he "does not at this time believe he has lost any wages or earnings, as a result of exposure to asbestos. Plaintiff's investigation and discovery are continuing." This response is also inconsistent with the inference that, as of the date of filing his workers' compensation claim or his application to the WCAB for adjudication, Anderson was permanently precluded from performing his regular occupation.

Metalclad suggests, for the first time on appeal, that the court could have drawn the inference that Anderson was permanently precluded from performing his regular occupation from the fact that Anderson checked a box in his application for adjudication indicating that, in addition to temporary and permanent disability, the dispute also concerned his employer's liability for "Rehabilitation." An individual, however, can seek eligibility for rehabilitation even if not *presently* permanently precluded from performing his or her

---

[7]Anderson may also have stated "unknown" to preserve his rights in the event that he learned that some earlier period of lost work time was due to the claimed injury of asbestosis, rather than some other cause.

regular occupation. Labor Code section 4635, subdivision (a)(1) provides that an employee may be eligible for rehabilitation if the nature of the injury is "likely to preclude" return to his or her former occupation. Therefore, Anderson's prayer for this type of relief does not support the inference that, *as of the date the application was filed,* Anderson was, in fact, disabled within the meaning of section 340.2.

Metalclad also contends, citing *Barr* v. *ACandS, Inc., supra,* 57 Cal.App.4th at pages 1055-1056, that Anderson's statements in his workers' compensation claim are "admissions" that conclusively concede the truth of the matter. The only "admissions" Metalclad refers to, however, appear in the portion of the claim in which Anderson lists the type of relief sought, including permanent and temporary disability benefits, rehabilitation, medical expenses and other relief. A review of the claim indicates that this portion of the request for adjudication is the equivalent of a prayer for relief in a civil complaint. Metalclad suggests that the fact that Anderson checked the box constitutes an admission that he was eligible for rehabilitation. We question whether a prayer for relief should be deemed an evidentiary admission because typically the prayer is broadly stated to put the parties and WCAB on notice of the scope of relief sought. It is not the same as an allegation of fact, such as an allegation that the plaintiff was suffering from cancer or some other specific asbestos-related injury. (Cf. *Magnolia Square Homeowners Assn.* v. *Safeco Ins. Co.* (1990) 221 Cal.App.3d 1049, 1060-1061 [271 Cal.Rptr. 1] [allegation of specific structural defect in prior complaint constitutes evidentiary admission that plaintiff had notice of the alleged defect].) Even if we assume, arguendo, that this prayer for relief should be deemed an evidentiary admission, for the reasons we have explained, nothing in the claim for permanent or temporary disability or any other relief constitutes an admission that Anderson was permanently precluded from performing his regular occupation.[8]

Metalclad relies upon this court's decision in *Uram* v. *Abex Corp., supra,* 217 Cal.App.3d 1425, for the proposition that the filing of the workers' compensation claim supports the inference that Anderson was *disabled* as defined in section 340.2, subdivision (b) at the time he filed the claim. This court did not hold that the mere fact of filing a workers' compensation claim established the date of onset of disability for purposes of triggering the limitations period specified in section 340.2. Moreover, a comparison of the evidence submitted by Metalclad in this case with the evidence in *Uram*

---

[8]The statement in the February workers' compensation claim describing his injury as asbestosis might, however, preclude Anderson from denying, in a later action, that he then suffered from asbestosis, or from denying that he knew in February 1995 that he had an injury caused by asbestos exposure. (*Barr* v. *ACandS, Inc., supra,* 57 Cal.App.4th at pp. 1055-1056.)

illustrates the insufficiency of the evidence of disability offered in support of Metalclad's motion for summary judgment.

In *Uram*, we held that the evidence that plaintiff was *disabled* consisted of the undisputed fact that Uram, a machinist, had received a *disability retirement in 1959*, coupled with Uram's deposition testimony and written statements in support of his workers' compensation claim that he had to retire because he was *unable to perform his duties, due to his* " 'Lung problem.' " (*Uram v. Abex Corp., supra*, 217 Cal.App.3d at pp. 1428-1429, italics added.) The defendant also offered evidence that, from the date of his disability retirement through the present, Uram had only obtained intermittent employment as a gardener for three years, ending in 1965. We concluded this evidence clearly established that "the health problems Uram suffered constituted a *permanent preclusion from the performance of his regular occupation after 1959*, and from *any* occupation after 1965." (*Id.* at p. 1431, italics added, citing *Puckett v. Johns-Manville Corp., supra*, 169 Cal.App.3d at p. 1017.)

As we noted in *Uram*, because of the difference in the meaning of disability in the context of a workers' compensation claim, the mere fact that the plaintiff filed a claim for workers' compensation benefits is insufficient to support the inference that, as of that date, he was permanently precluded from performing his regular occupation. In *Uram,* the defendant met its burden by offering evidence that (1) the plaintiff testified in deposition that he had received a disability retirement in 1959 due to lung problems, and expressly stated in his workers' compensation claim that he was, as of the date of retirement, unable to perform his duties due to lung problems; and (2) since retiring the plaintiff had not obtained work as a machinist, and instead only worked intermittently as a gardener. (*Uram v. Abex Corp., supra*, 217 Cal.App.3d at pp. 1431-1432.) By contrast here, the record is devoid of any evidence that as of the date Anderson filed the workers' compensation claim, or at any time more than one year prior to the filing of the complaint, Anderson lost any time from work or was unable to return to his regular occupation as a result of the injury described in his workers' compensation claim.[9]

Moreover, as we have explained, not only did Metalclad's evidence fail to support the inference that Anderson was even temporarily precluded from

---

[9]Evidence of the plaintiff's work history and earnings is a standard subject of discovery. Therefore, if evidence exists that Anderson was rendered incapable of working in his former occupation, on remand, Metalclad need only submit *some* evidence that Anderson did not continue to perform his regular occupation, in order to shift the burden to Anderson to come forward with evidence that the interruption was only temporary or that he was not permanently precluded from performing his regular occupation.

performing his regular occupation, it also included evidence that was either equivocal or supported contrary inferences. For example, in the application for adjudication, when specifically asked to list dates of periods of lost work time, instead of listing his last day of work, Anderson responded "unknown." Also, in an answer to an interrogatory Anderson stated that he "does not at this time believe he has lost any wages or earnings as a result of exposure to asbestos. . . ." Both of these responses are inconsistent with the inference that, as of the date of filing his workers' compensation claim or his application to the WCAB for adjudication, Anderson was permanently precluded from performing his regular occupation.

We conclude that the court's order granting Metalclad's motion for summary judgment was erroneous. Although Metalclad offered evidence that, at least as of February or April 1995, Anderson knew he had been injured by exposure to asbestos, Metalclad failed to meet its additional burden to submit to the court evidence which, if undisputed, would support the inference that, as of that same date, or earlier, Anderson was permanently precluded from performing his regular occupation. The submission of evidence which is equivocal or from which conflicting inferences may be drawn is insufficient to meet the movant's burden. (See, e.g., *Brantley* v. *Pisaro* (1996) 42 Cal.App.4th 1591, 1606 [50 Cal.Rptr.2d 431].) The court therefore should have denied the motion, rather than shifting the burden to Anderson to present evidence that he was not disabled.

CONCLUSION

The judgment is reversed, and the case is remanded to the trial court for further proceedings. Costs are awarded to Anderson.

Strankman, P. J., and Swager, J., concurred.