Filed 7/23/24  Dominguez v. Dish Network CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| OMAR DOMINGUEZ, | D083711 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. RIC1902321) |
| DISH NETWORK L.L.C., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Harold W. Hopp, Judge.  Reversed and remanded with directions.

Rodriguez Apodaca Law Firm, Rob A. Rodriguez and Richard A. Apodaca for Plaintiff and Appellant.

Jackson Lewis, Neda N. Dal Cielo, Michael Y. Hsueh and Dylan B. Carp for Defendant and Respondent.

### INTRODUCTION

Omar Dominguez appeals the trial court's grant of summary judgment in favor of Dish Network L.L.C. (Dish LLC).  He contends summary judgment was improper because he was not given adequate notice of Dish LLC's estoppel defense on which the court relied to grant the motion.  We agree the

defense was not properly raised and the court erred in granting summary judgment on that ground. On our de novo review, we also conclude Dish LLC did not meet its burden on the issues it did raise in its motion. Specifically, it failed to demonstrate that Dominguez released his claims against Dish LLC through the execution of a workers' compensation settlement agreement with a different entity. Accordingly, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

I.

*The Workers' Compensation Settlement Agreement*[1]

Dish LLC hired Dominguez in February 2016 as a technician to install satellite television equipment at residential homes. In June 2016, he injured his back while lifting a ladder outside a customer's home. As a result, Dominguez was not able to complete the physical demands of his position, and he was placed on a workers' compensation leave of absence due to his "serious health condition."

In September 2016, Dominguez filed an application for adjudication of claims with the Workers' Compensation Appeals Board for his injuries. In his application, he alleged he "sustained injury to [his] back while lifting a ladder" and named *Dish Network Corporation* as the employer/insured.

In April 2017, Dish LLC terminated Dominguez's employment.

In February 2019, Dominguez settled his workers' compensation claim with Dish Network Corporation. Both parties, represented by legal counsel,

---

[1] Under the governing standard of review, we examine the evidence de novo and our account of the facts is presented in the light most favorable to Dominguez (the nonmoving party) and, where the *evidence* is in conflict, assumes his version of all disputed facts is the correct one. (See *Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 470; *Birschtein v. New United Motor Manufacturing, Inc.* (2001) 92 Cal.App.4th 994, 999.)

entered a "Workers' Compensation Appeals Board Compromise and Release" (Settlement Agreement), which was approved by a workers' compensation administrative law judge.

## II.

### *Dominguez's Lawsuit*

In April 2019, Dominguez filed a complaint against Dish LLC,[2] asserting the company and its employees "failed to interact with him to determine if a reasonable accommodation could be made for his injuries." He alleged Dish LLC "discriminated against him rather than accommodate his disability, and therefore intentionally terminated his employment because of his disability." He also alleged Dish LLC "retaliated against him because he complained . . . about his disability, required work restrictions and/or medical leave due to his disability, and because he filed a workers' compensation claim for his work-related injuries."

He asserted causes of action under the Fair Employment Housing Act (FEHA), Government Code section 12940,[3] for: (1) discrimination based on disability; (2) failure to provide a reasonable accommodation; (3) failure to engage in a good faith interactive process to determine a reasonable accommodation; (4) harassment—hostile work environment; (5) retaliation; (6) failure to prevent discrimination, harassment, and retaliation; and

---

[2] Dominguez also sued "Dish Network California Service Corporation," but dismissed this entity in February 2020. Additionally, he sued two individual defendants, but dismissed all the causes of action against them in October 2022.

[3] The FEHA prohibits unlawful employment practices by employers, which is defined by any person regularly employing five or more persons or any person acting as an agent of an employer, directly or indirectly. (Gov. Code, § 12926, subd. (d).)

ancillary causes of action for (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; and (9) wrongful termination in violation of public policy. Dominguez alleged Dish LLC and Dish Network California Service Corporation were his "employer, either joint or engaged in a common and/or integrated enterprise" and that each entity was separately defined as "an employer within the meaning" of California law.

In September 2019, Dish LLC filed an answer with a general denial and 44 affirmative defenses. It did not assert that Dominguez was judicially estopped, released, or otherwise waived his civil claims through the prior Settlement Agreement with Dish Network Corporation.

III.

*Dish LLC's Motion for Summary Judgment*

A.  *Dish LLC's Supporting Evidence*

In July 2022, Dish LLC filed a motion for summary judgment or, alternatively, summary adjudication. It asserted Dominguez's claims were "released . . . as part of his [Settlement Agreement] with DISH," that is Dish LLC. Specifically, Dish LLC argued Dominguez had "released all of his causes of action in this litigation upon his execution of the [Settlement Agreement]." Nowhere in its moving papers did Dish LLC mention the defense of judicial estoppel or res judicata.

To support its motion, Dish LLC submitted Dominguez's application for adjudication of claim to the Workers' Compensation Appeals Board. The only entity Dominguez identified as his "Employer" was Dish Network Corporation.

Dish LLC also submitted the Settlement Agreement. It identifies Dish Network Corporation as the "Employer" and "Insured" entity, which is at times also referred to as the "Defendant." The Settlement Agreement

4

identified Dominguez's June 2016 back injury as the "Specific Injury" that was "being settled."

The Settlement Agreement provided that upon approval by a workers' compensation administrative law judge, "the employee releases and forever discharges the . . . named employer(s) and insurance carrier(s) from all claims and causes of action, whether now known or ascertained or which may hereafter arise or develop as a result of the above-referenced injury(ies), including any and all liability of the employer(s) and the insurance carrier(s) and each of them to the dependents, heirs, executors, representatives, administrators or assigns of the employee.  Execution of [the Settlement Agreement] has no effect on claims that are not within the scope of the workers' compensation law or claims that are not subject to the exclusivity provisions of the workers' compensation law, unless otherwise expressly stated."

The Settlement Agreement also provided:  "This agreement is limited to settlement of body parts, conditions, or systems and for the dates of injury set forth in [it] . . . despite any language to the contrary elsewhere in this document or any addendum."  It further stated:  "ONLY ISSUES INITIALED BY THE APPLICANT OR HIS/HER REPRESENTATIVE AND DEFENDANTS OR THEIR REPRESENTATIVES ARE INCLUDED WITHIN THIS SETTLEMENT."  Dominguez and the attorney for Dish Network Corporation initialed all issues listed, including for example "earnings," "temporary disability," and "serious and willful misconduct," but they did not initial the issue of "discrimination (Labor Code § 132a)."

Addendum "A" to the Settlement Agreement stated in paragraph 6: "This Compromise & Release also includes resolution of all claims arising under any state or federal law regulation, including the California Fair

5

Employment and Housing Act, . . . relating to . . . discrimination, retaliation, public policy, wrongful discharge, . . . and any other claims relating to and arising out of the relationship between Applicant and Defendant, and any and all alleged injuries Applicant may have suffered arising out of that relationship and those dealings up to and including the date Applicant executes this Compromise and Release. This Release does not include claims that cannot be waived as a matter of law."

The addendum did not contain any paragraph or express language naming or identifying Dish LLC as a beneficiary or party to the Settlement Agreement. There also was no language including other released parties, joint employers, agents, or affiliates.

Dish LLC also submitted evidence of the workers' compensation administrative law judge's order approving the Settlement Agreement.

B.      *Dominguez's Opposition*

In opposition, Dominguez asserted "Dish Network Corporation is a separate entity than Dish [ ] LLC" and that Dish LLC "was not a party to the [underlying] workers' compensation proceeding or settlement." He argued a workplace can include "multiple entities," and there were "triable issues of fact" as to whether Dish LLC and Dish Network Corporation were his joint employers.

In support of his opposition, Dominguez submitted evidence of:
(1) Dish LLC's admission in discovery responses that it was Dominguez's employer; (2) a pay stub identifying Dish LLC as Dominguez's payor; (3) an employment policy handbook identifying Dish LLC as the employer;
(4) Dish LLC's counsel's July 2019 letter requesting Dominguez submit to arbitration without advancing any argument for waiver; (5) Dominguez's declaration attesting that Dish LLC was his employer; and (6) the declaration

6

of Dominguez's attorney as further extrinsic evidence surrounding execution of the underlying Settlement Agreement.

C.    *Dish LLC's Reply Brief and Reply Evidence*

In its reply, Dish LLC shifted from a waiver defense and advanced new defenses of judicial estoppel and res judicata. Specifically, it argued Dominguez "for the first time" has taken the position that his execution of the Settlement Agreement did not actually release Dish LLC because he filed his workers' compensation claim against Dish Network Corporation. Dish LLC argued Dominguez was "judicially estopped from taking inconsistent positions regarding the identity of his employer. By first taking the position that his employer was [Dish Network Corporation] in the workers' compensation proceeding and benefiting from this position, [Dominguez] cannot now assert that [Dish] LLC was his employer to avoid the consequences of his release."

Alternatively, it argued that, even if the court declined to apply judicial estoppel, Dominguez was "barred from litigating his remaining claims on the basis of res judicata, since [Dish] LLC stands in privity with [Dish Network Corporation], and a release of [Dish Network Corporation] will act as a release to [Dish] LLC."

To support these new arguments, Dish LLC requested judicial notice of new evidence, including the statement of information Dish LLC filed with the California Secretary of State in 2022 and quarterly reports that Dish Network Corporation and Dish DBS Corporation[4] filed with the Securities and Exchange Commission in 2022.

---

[4]    According to Dish LLC's reply brief, "DISH DBS Corporation is the Manager of DISH LLC . . . and both are wholly owned subsidiaries of DISH Corp." Dish LLC thus explained that Dish DBS Corporation was its "Manager," with both entities being subsidiaries of Dish Network

D.    *Dominguez's Objections to the Reply and Reply Evidence*

Dominguez objected to Dish LLC's reply brief and the new evidence, arguing "case law prohibits the inclusion of new or additional evidence in a reply motion."  He also argued the reply brief "raise[d] new legal arguments, including judicial estoppel and res judicata."  As such, his due process rights were violated because he "was never afforded an opportunity to address these legal issues or sufficient notice of these new legal arguments."  In his view, "[t]he moving target of [Dish LLC's] motion failed to provide [him] with ample notice and knowledge that new arguments of judicial estoppel and claim preclusion were at issue."

E.    *Trial Court's Ruling*

The trial court granted Dish LLC's motion for summary judgment and overruled Dominguez's objections, without explanation.

The trial court concluded Dominguez had released all of his FEHA causes of actions against Dish LLC, as well as his claim for wrongful termination in violation of public policy.  It reached this conclusion based on paragraph 6 of the addendum to the Settlement Agreement which it found contained "clear and non-technical language" releasing the civil claims, "including FEHA claims . . . 'and any other claims relating to or arising out of the relationship between [Dominguez] and [Dish Network Corporation], and any and all alleged injuries [Dominguez] may have suffered arising out of that relationship and those dealings up to and including the date [Dominguez] executes this [Settlement Agreement].' "

---

Corporation, and that all three entities shared the same address for their principal office.  Dish LLC sought to establish that the entities were "in privity" to support its res judicata argument (which it has abandoned on appeal).

The trial court further found there was "no dispute" that Dish LLC hired Dominguez and that Dish LLC "was the *only entity* that employed [Dominguez]." (Italics added.) The court reached this conclusion, in part, based on Dominguez's declaration in which he averred, " '[w]hile working for Dish [LLC], I understood my employer was Dish . . . LLC, not Dish Network Corporation.' " Thus, because the court found it was "undisputed" that Dominguez "had only one employer," the court found he was "judicial[ly] estopped from asserting that Dish Network Corporation was his employer in the workers' compensation matter and that [Dish LLC] was his employer for this lawsuit."

The trial court concluded Dominguez failed to raise a triable issue of fact in response to the summary judgment motion. It summed up its ruling: "[Dominguez] had only one employer. . . . Whether LLC or Corporation, his employer was the entity who settled the workers' compensation actions and it was this employer whom [Dominguez] sued in this action. Thus, [Dominguez] is estopped from bringing his claims against Dish [LLC] which have already been waived in the underlying workers' compensation proceeding." The court entered judgment in favor of Dish LLC.

IV.

*Dominguez's Motion for a New Trial*

Dominguez then filed a motion for new trial. In support of his motion, Dominguez submitted a first amended declaration clarifying his previous declaration that the trial court relied on when it applied judicial estoppel. Specifically, Dominguez averred he understood his employer "was Dish [ ] LLC for purposes of FEHA protections and not Dish Network Corporation." He also understood "Dish Network Corporation was [his] employer for

9

purposes of providing workers' compensation coverage and benefits." He averred he "had joint employers."

At the hearing on his motion for new trial, Dominguez's counsel argued Dominguez asserts "a joint employer theory." He cited case law holding "that an employee can look to either employer to further the interest under FEHA for redress for discrimination" and explained that "Dish Network Corporation was the employer for providing workers' compensation benefits and insurance coverage for work-related injuries. . . . Dish [ ] LLC was the employer identified in the wage statement and the employer for purposes of FEHA." He argued "both employers are on the hook, or [Dominguez] can seek redress from either one."

The trial court acknowledged it understood, "just the fact that you've settled with one doesn't mean that you've settled with the other." After taking the matter under submission, the court issued an order denying Dominguez's motion for new trial, without any explanation or reasoning.[5]

## DISCUSSION

### I.

#### *Standard of Review*

"We review a summary judgment order de novo applying the same three-step process as the trial court. First, we look to the pleadings to identify the elements of the causes of action. Second, for a motion brought by

---

[5] Dominguez makes no argument on appeal with respect to the trial court's order denying his motion for new trial. Therefore, he waived any appeal of that order. (See *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 (*Meridian*) ["The reviewing court is not required to develop the parties' arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived."].)

a defendant, we examine the supporting evidence to determine whether it satisfies the moving party's initial burden of demonstrating that one or more elements cannot be established or there is a complete defense. If so, we then examine the opposing evidence to determine whether the plaintiff has demonstrated the existence of a triable issue of material fact precluding summary judgment."[6] (*Olson v. La Jolla Neurological Associates* (2022) 85 Cal.App.5th 723, 733 [cleaned up].)

## II.

*Judicial Estoppel Was Not Properly Before the Trial Court*

Dominguez argues summary judgment was improper because he was not given adequate notice of Dish LLC's estoppel defense on which the trial court relied. We agree.

As a general rule of motion practice, courts ordinarily do not consider new issues and evidence presented in reply papers because it deprives the

---

[6] Dish LLC argues this court does not have jurisdiction over this appeal because Dominguez's notice of appeal was insufficient. A notice of appeal "is sufficient if it identifies the particular judgment or order being appealed" (Cal. Rules of Court, rule 8.100(a)(2)) and is to be liberally construed in favor of its sufficiency, and it may be deemed sufficient if it has not misled or prejudiced the respondent (*Red Mountain LLC v. Fallbrook Public Utility Dist.* (2006) 143 Cal.App.4th 333, 344). Applying these principles, we conclude this court has jurisdiction. In identifying the rulings appealed from on the court's form notice of appeal, Dominguez failed to check the boxes for "Judgment after an order granting a summary judgment motion" and "An order after judgment under Code of Civil Procedure, § 904.1(a)(2)." Instead, he checked two boxes for rulings not issued in the underlying matter and the box "other" and wrote "Plaintiff's Motion for New Trial" and "Defendant's Motion for Summary Judgment/Adjudication." The notice was "reasonably clear what [he] was trying to appeal from," and there is little question Dish LLC could have been misled or prejudiced. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59.) *Bosetti v. United States Life Ins. Co. in New York* (2009) 175 Cal.App.4th 1208, 1242, on which Dish LLC relies, is inapposite. There, *no* notice of appeal was filed for a particular defendant. (*Ibid.*)

11

opposing party of an opportunity to counter the argument. (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537–1538.) The notice of motion must state "the grounds upon which" the motion is made. (Code Civ. Proc., § 1010; see also Cal. Rules of Court, rule 3.1110(a).) "[C]ourts generally may consider only the grounds stated in the notice of motion." (*Kinda v. Carpenter* (2016) 247 Cal.App.4th 1268, 1277.)

Here, Dish LLC did not raise judicial estoppel in its notice of motion or in its memorandum in support of the motion. Dish LLC conceded it did not argue until its reply brief that judicial estoppel bars Dominguez's argument the Settlement Agreement released only Dish Network Corporation. And here, Dominguez did object to the new arguments and evidence in Dish LLC's reply brief, but the trial court overruled his objections without explanation.

"Where a remedy as drastic as summary judgment is involved, due process requires a party be fully advised of the issues to be addressed and be given adequate notice of what facts it must rebut in order to prevail." (*Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 255, disapproved on another ground in *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58, 77.) "By reaching out to decide an issue not addressed in [Dish LLC's] moving papers as required by [Code of Civil Procedure] section 437c, the trial court deprived [Dominguez] of his right to oppose summary judgment. Its ruling cannot stand." (*Luebke v. Automobile Club of Southern California* (2020) 59 Cal.App.5th 694, 708 (*Luebke*); see also *Save Agoura Cornell Knoll v. City of Agoura Hills* (2020) 46 Cal.App.5th 665, 679 ["new legal theories raised for the first time in a reply brief generally will not be considered unless good cause is shown for the failure to present them earlier"]; *St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 782–783 [trial court order vacated where defendants raised new theory for relief in reply brief filed "one week before

the hearing, thereby precluding [plaintiff] from addressing such claims in her opposition"]; *Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59, 70 ["when the trial court grants a summary judgment motion on a ground of law not explicitly tendered by the moving party, due process of law requires that the party opposing the motion must be provided an opportunity to respond to the ground of law identified by the court and must be given a chance to show there is a triable issue of fact material to said ground of law"].)

Dominguez was not given adequate notice of Dish LLC's estoppel defense and was never afforded an opportunity to address it.[7] Thus, summary judgment on that ground was improper and the trial court's ruling cannot stand. (See *Luebke, supra*, 59 Cal.App.5th at p. 704 ["efforts to justify the trial court's ruling based on an issue [the defendant] had not raised fail"].)

III.

*Dish LLC Failed to Meet Its Burden on Summary Judgment*
*as to the Issues It Did Raise in Its Moving Papers*

Dish LLC argued in its summary judgment moving papers that Dominguez released all his claims against it when he entered into the Settlement Agreement. (See *California-American Water Co. v. Marina Coast Water Dist.* (2022) 86 Cal.App.5th 1272, 1292 [the defense of waiver requires " 'the intentional relinquishment or abandonment of a known right' "].) It asserted the addendum to the Settlement Agreement "contained clear and non-technical language" that released Dominguez's "civil claims arising out of

_____

7    Although Dish LLC argued res judicata as an alternative defense in its reply brief in support of summary judgment, the trial court did not discuss it, and Dish LLC makes no argument on appeal that it applies. The argument has therefore been waived. (See *Meridian, supra*, 67 Cal.App.5th at p. 684.)

his relationship with [Dish LLC]." We conclude Dish LLC failed to meet its burden on summary judgment to demonstrate its affirmative defense that Dominguez released his claims *against Dish LLC*. (See *Stafford v. Attending Staff Assn. of LAC + USC Medical Center* (2019) 41 Cal.App.5th 629, 639 ["Waiver is an affirmative defense for which the party asserting the defense bears the burden of proof."]; *Anderson v. Metalclad Insulation Corp.* (1999) 72 Cal.App.4th 284, 289 [on summary judgment, "the defendant has the initial burden to show that undisputed facts support each element of the affirmative defense"].)

It is undisputed the Settlement Agreement was signed by Dominguez and Dish Network Corporation, and not Dish LLC. There is no mention of Dish LLC anywhere in the entire agreement, including in the addendum, and there is no other evidence that Dish LLC was covered by the agreement. Dish LLC did not, for example, provide any evidence that it is the same entity as Dish Network Corporation, or provide any evidence to clarify their relationship. Here, where Dish LLC failed to provide any evidence that the claims against it were released, it did not meet its burden on summary judgment to even shift the burden of production to Dominguez on this issue.

However, in opposition, Dominguez pointed out the Settlement Agreement did not release Dish LLC. He asserted the "only legal entity" identified in the agreement was Dish Network Corporation and not Dish LLC. According to him, the failure to identify Dish LLC provided "clear evidence of the Parties' intent to not include [it.]" It was "undisputed" that Dish LLC was Dominguez's employer and that it was "not a party to the workers' compensation proceeding or settlement." Dominguez introduced evidence showing Dish LLC and Dish Network Corporation are separate legal entities, with Dish LLC being created in 2008 when EchoStar Satellite

14

changed its name, while Dish Network Corporation was a publicly traded company that was established in 1980. Dominguez argued "[t]he only evidence of a relationship is the fact that Dish Network Corporation provided workers' compensation insurance coverage for employees of Dish [LLC] for work related injuries. *Nothing else.*"

Dominguez also raised traditional contract principles and argued different corporate forms are to be respected. For example, under Code of Civil Procedure section 877, subdivision (a), a release given in good faith to a tortfeasor "shall not discharge any other such party from liability unless its terms so provide." (*Id.*; see *Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 524 [ascertaining the contracting parties' intent to benefit a putative third party "is a question of ordinary contract interpretation"].) He further pointed out that "[t]he possibility of dual employment is well recognized in case law. 'Where an employer sends an employee to do work for another person, and both have the right to exercise certain powers of control over the employee, that employee may be held to have two employers—his original or "general" employer and a second, the "special" employer.' " (*Kowaski v. Shell Oil Co.* (1979) 23 Cal.3d 168, 174.) This principle of dual employment extends to FEHA actions. In *Raines v. U.S. Healthworks Medical Group* (2023) 15 Cal.5th 268, the California Supreme Court made clear that, under FEHA, an employee can have multiple employers. (*Id.* at p. 273 [holding "an employer's business-entity agents can be held directly liable under the FEHA for employment discrimination in appropriate circumstances when the business-entity agent has at least five employees and carries out FEHA-regulated activities on behalf of an employer"].)

Even if we entertained that Dish LLC had met its burden to demonstrate there were no triable issue of fact as to its waiver defense, its

reply brief failed to respond to Dominguez's contention he did not waive his claims against Dish LLC. Specifically, Dish LLC did not dispute it was not named in, or released by, the Settlement Agreement or that Dish LLC and Dish Network Corporation were separate entities. Rather than addressing these arguments, Dish LLC continued to maintain the agreement "effectuate[d] a release of civil claims outside the workers' compensation system." Dish LLC's failure to marshal evidence and respond to Dominguez's assertions was fatal to its waiver defense on summary judgment.

## IV.

### *The Evidentiary Record Was Insufficiently Developed*

Our review of the limited record fails to clarify the affiliation between the corporate entities in this case, including their role in relation to Dominguez's employment.[8]

For example, Dominguez's complaint alleged Dish LLC and Dish Network California Service Corporation were his "joint" employers or "engaged in a common and/or integrated enterprise." But Dominguez subsequently dismissed Dish Network California Service Corporation from the lawsuit following a communication from Dish LLC's counsel. Specifically, Dominguez explained he dismissed Dish Network California Service Corporation "based on prior representations by Defense counsel that this

---

[8] In its reply brief in support of its motion for summary judgment, Dish LLC asked the trial court to take judicial notice of corporate filings, but that late-filed evidence should have been disregarded as Dominguez was not given notice or a chance to respond. (*Plenger v. Alza Corp.* (1992) 11 Cal.App.4th 349, 362, fn. 8 ["the inclusion of additional evidentiary matter with the reply should only be allowed in the exceptional case," and the trial court's consideration of it is an abuse of discretion unless "the party opposing the motion for summary judgment has notice and an opportunity to respond to the new material."].) Even considering the new evidence, Dominguez's employment relationship with both companies remains unclear.

entity did not employ [Dominguez]." For support, he cited a letter from Dish LLC's counsel, which stated that Dominguez "named DISH Network, LLC dba DISH LLC, and DISH Network California Service Corporation as defendants in his Complaint. However, neither of these entities ever employed [ ] Dominguez. Instead, [ ] Dominguez was employed by DISH Network L.L.C." Because the record regarding these entities was not developed sufficiently, it is unclear whether the attorney was claiming that "Dish Network LLC" was not Dominguez's employer (and perhaps that "DISH Network LLC" was a different entity than "Dish Network L.L.C.") or that the "dba" was problematic.

In any event, the record shows Dish LLC admitted it was Dominguez's employer, that Dominguez understood Dish LLC was his employer, and that Dish LLC was the entity on his pay stubs. The record, however, also shows Dish Network Corporation responded to Dominguez's workers' compensation claim, entered its appearance through counsel with the Workers' Compensation Appeals Board, and ultimately negotiated and concluded the Settlement Agreement as Dominguez's employer.

Both parties acknowledge the lack of clarity in the record. Despite having the burden on summary judgment to support each factual assertion, (*Meridian, supra*, 67 Cal.App.5th at p. 684), Dish LLC blamed the "purported ambiguity" on Dominguez as being of his "own manufacture" because he did not "correctly" file his workers' compensation claim against Dish LLC "as he should have." To clarify his relationship with the entities, Dominguez filed an amended declaration in connection with his motion for a new trial, stating, "[w]hile working for Dish, I understood my 'employer' was Dish [ ] LLC, for purposes of FEHA protections, and not Dish Network Corporation. I understand that Dish Network Corporation was also my employer for

17

purposes of providing workers' compensation coverage and benefits. I had joint employers." We do not consider the amended declaration here because it was filed after the court granted summary judgment. Nevertheless, because Dish LLC had the burden to establish its affirmative defense, and because it failed to meet that burden, Dominguez did not need an amended declaration to defeat Dish LLC's motion. (See *Aguilar vs. Atlantic Richfield* (2001) 25 Cal.4th 826, 850 [only if the defendant meets its initial burden in showing a complete defense does the burden shift to the plaintiff "to make a prima facie showing of the existence of a triable issue of material fact"].)

The inadequate record here serves as a reminder of why there are rules governing the timing of issues raised in summary judgment motions. (See e.g., Code Civ. Proc., §§ 437c, 1010; Cal. Rules of Court, rule 3.1110(a).) Parties must be careful to give adequate notice of issues raised in summary judgment motions and courts should avoid resolving issues that are not noticed properly. (See *Roberts v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375, 383 ["summary judgment motions usually are heard only after full discovery develops the evidence relevant to the claim"].)

For all these reasons, we independently conclude Dish LLC was not entitled to summary judgment on the ground that Dominguez released his claims against Dish LLC by entering the Settlement Agreement with Dish Network Corporation.

## DISPOSITION

The judgment is reversed. The trial court is directed to vacate its order granting summary judgment and to enter a new order denying Dish LLC's motion for summary judgment. Dominguez shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

DO, Acting P. J.

WE CONCUR:

CASTILLO, J.

RUBIN, J.

19